# SUPREME JUDICIAL COURT,

FOR THE

# MIDDLE DISTRICT,

## 1853.

## COUNTY OF KENNEBEC.

### LITHGOW *versus* MOODY.

A tenancy of land under a written lease is terminated by the expiration of the lease.

To terminate a tenancy of land, held under a written lease for a specified time, it is not requisite that any notice be given or that any act be done by the lessor.

From the mere continuance of occupation by the lessee, after the expiration of such a lease, there arises no legal presumption of a tenancy at will.

From a proviso in such a lease, that the crops raised on the land shall be considered and remain the property of the lessor, till the rents should be paid, there arises no presumption that the rents were in fact paid by the crops.

In a process of forcible entry and detainer, it is not necessary to state *in the warrant*, that the complaint was made on oath.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

COMPLAINT. FORCIBLE ENTRY, &c.

In October, 1843, the complainant, by a written contract, let a farm for five years to the respondent, whose residence was in Pittston, upon condition that the lessee should, by a

specified day, pay to the lessor a previously existing debt, and should also pay, annually, a stipulated rent, and the public taxes.

The contract stipulated that all the produce of the farm should remain and be considered the property of the lessor, till the agreed payments should be made; also that, if the lessee should delay any of the stipulated payments, for the space of three months, the lessor should have a "right to enter without notice and take possession of the premises, and that the lease therein should terminate."

This complaint on oath was made in October, 1850, before the municipal judge of Augusta, who thereupon issued his warrant, directed to the sheriff or his deputy, or to *the constable of Augusta,* and it was served by a deputy sheriff.

At the trial, the complainant, after proving his title to the farm, introduced the lease, and proved that, more than thirty days before commencing the process, he notified the respondent in writing to quit the farm and surrender possession to the complainant.

Upon these proofs, the case was submitted for a legal decision.

*Bradbury & Mulliken,* for the complainant.

*Clay,* for the respondent.

The complaint cannot be sustained.

1. It does not appear from the warrant that the complaint was made on oath.

2. The warrant was directed to the constable of Augusta. This was unauthorized, for the residence of the respondent was not in that town but in Pittston.

3. Because a notice to quit, as required by R. S. c. 128, § 5, was not given.

The first rent became payable in October, 1844, and if the respondent neglected to pay it by January, 1845, the tenancy under the lease was ended, and the complainant had a right to reënter. This complaint was not instituted until October, 1850, nearly six years after that right of reëntry accrued. By permitting the respondent to continue the occupation so

long, the complainant must be considered as having, by some new contract, made the respondent his *tenant at will.* The Act of 1850, c. 160, is a legislative construction to this effect. *Bennock* v. *Whipple,* 12 Maine, 346; *Wheeler* v. *Cowan,* 25 Maine, 283; *Kendall et al.* v. *Moore et al.* 30 Maine, 327; *Moshier* v. *Reding et al.* 12 Maine, 478 – 483.

4. If Moody had *paid* all the rents and taxes agreeably to the terms of his lease, he would be entitled to three months notice before this process would lie. R. S. c. 95, § 19; *Smith* v. *Rowe,* 31 Maine, 212.

5. A tenant at will has an estate in the premises which must first be *terminated,* before the process of forcible entry and detainer will lie, or before his right to possession will cease. R. S. c. 128, § 5; *Wheeler* v. *Wood,* 25 Maine, 287.

6. The notice given by the complainant was merely to terminate the tenancy of Moody. This is evident from all the facts in the case. Lithgow made no attempt to take possession, as he might and would have done, had Moody been a tenant at *sufferance.*

7. A tenant at sufferance has no estate in the premises to be terminated, and the landlord can enter without notice.

8. The complaint alleges, that Moody *unlawfully* refused to quit the premises. Moody then was not a tenant at sufferance, for *such* a tenant cannot *unlawfully* refuse to quit, till the landlord has attempted to enter and been resisted. *Wheeler* v. *Wood,* 25 Maine, 287.

9. If the complainant claims, that Moody neglected to pay the rents and taxes, so as thereby to terminate the tenancy, the *onus* is on him to prove it. *Gage* v. *Smith,* 14 Maine, 466. And there is strong presumptive evidence that the payments due from Moody, were all made, for the complainant retained the ownership of all the produce till the payments should be made. The tenancy of Moody was not terminated till thirty days after the notice. And he was entitled to a further notice to quit. *Clapp* v. *Paine,* 18 Maine, 264; *Smith* v. *Rowe,* 31 Maine, 212. In *Preble* v. *Hay,* 32

Maine, 456, two notices were given. And from the Act of 1853, c. 39, a resistless implication has arisen, that prior to its passage, such was the requirement of law.

WELLS, J. — The complaint appears to have been made under oath, and the warrant to be duly served by a deputy sheriff. The law does not require it to be stated in the warrant, that the complaint was made under oath.

The respondent held over after the termination of the written contract between the parties. His estate in the premises was determined by the terms of the agreement. The case comes within the fifth section of chapter one hundred and twenty eight of the R. S.; "whenever a tenant, whose estate in the premises is determined, shall unlawfully refuse to quit the same, after thirty days notice in writing, given by the lessor for that purpose, he shall be liable to the provisions of this Act," &c. The proviso to this section was repealed by the Act of June 21, 1847.

In the case of *Wheeler* v. *Cowan*, 25 Maine, 283, the occupant held over after the termination of a written lease, and he was considered liable to this process upon notice given in pursuance of the fifth section of the statute before mentioned.

It does not appear, that any verbal contract was made after the termination of the written one, creating a new tenancy by parol, which would have required a distinct notice to terminate it, as was the case in *Smith* v. *Rowe*, 31 Maine, 212.

Where one enters under a written lease, which has expired, no notice is necessary to terminate the tenancy. The notice under the fifth section of the statute is sufficient to authorize the institution of this process. *Preble* v. *Hay*, 32 Maine, 456.

According to the agreement of the parties a default must be entered.

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.